## POPE MANUFACTURING CO. v. THE CHARLESTON CYCLE CO.

1. COUNTER-CLAIM—SET OFF—PARTNERSHIP.—In an action against a partnership on a partnership contract no one of the partners can set up as a counter-claim or set off a claim or demand due to him personally.

2. PARTNERSHIP—CODE, 157, 296, CONSTRUED.—A partnership contract is a joint contract, and secs. 157 and 296 of the Code do not apply to suits against a partnership when all partners are served. *Rice* v. *Shute,* 5 Burr., 2511; *Plyer* v. *Parker,* 10 S. C., 464; *Weisenfeld* v.

*Byrd*, 17 S. C., 106; *Bull* v. *Lambson*, 5 S. C., 283; *Dulaney* v. *Elford*, 22 S. C., 304; *Baker* v. *Hornick*, 51 S. C., 313; *McAllister* v. *Milheiser*, 23 S. E. R., 502; and *Bank* v. *Winslow*, 30 Fed. R., 488, *distinguished from this.*

3. IBID.—LIMITED PARTNERSHIPS—JUDGMENTS.—REV. STAT., 1408, applies to limited partnerships and not to general partnerships. Mode of entry of judgments against partnership and lien thereof indicated.

4. IBID.—PLEADINGS—COMPLAINT.—A plaintiff who sues to recover a debt alleged to be due by a copartnership cannot recover a judgment against any one of the partners individually without amending his complaint by converting his action into one against them as individuals.

Before BENET, J., Charleston, December, 1898. Affirmed.

Action by Pope Manufacturing Co. against William H. Welch and Edward B. Welch, copartners, under the name and style of The Charleston Cycle Co. From order dismissing and striking out first and second counter-claims, interposed by defendant, E. B. Welch, defendants appeal.

*Messrs. Bryan & Bryan,* for appellants, cite: *A partnership contract is joint and several, and one member may set up as a counter-claim a debt due him as an individual against partnership debt:* Code, 171, 296, 157; 10 S. C., 464; Rev. Stat., 1408; Burrow, 2511; 17 S. C., 106; 30 Fed. R., 488, and cases cited: 17 Am. & Eng. Enc. of Law, pp. 1243-4. *If plaintiff fail to prove copartnership as alleged, then he might obtain judgment against E. B. Welch alone, and in that case the counter-claim should be permitted to stand:* 5 S. C., 288; 196 Code; 22 S. C., 305; 51 S. C., 313; 23 S. E. R., 502; 22 S. C., 308.

*Messrs. Smythe, Lee & Frost,* contra, cite: *Fundamental distinction between law and equity is still of force in this State:* Code, 26, 274a, 453; 18 S. C., 231; 5 S. C., 10; 20 S. C., 512; 37 S. C., 577. *A partnership contract is joint, not joint and several:* Code, 157, 314, 377; 21 S. C., 260; 1

Bail., 352; 1. Rich., 111; 1 Brev., 202; 11 Rich., 483; 14 Rich., 18. *In a counter-claim the debt demanded and the debt to be set off must be mutual:* 53 S. C., 593; 3 John Ch., 272. *In a suit against a copartnership on a partnership liability, one of the defendant partners cannot set up as a counter-claim against the plaintiff a cause of action in his individual favor:* 2 Brev., 146; 4 McC., 136; 1 McC., 7; 2 Bail., 103; Cheves, 50; 3 S. C., 355; 28 S. W. R., 572; 38 Pac., 891; 28 S. W. R., 100; 21 So. R., 465; 44 Pac., 336; 25 S. W. R., 845; 30 S. W. R., 587; 11 Mass., 140; 18 Pick., 406; 11 Johns., 70; 2 Cranch C. P., 226; 44 Pac., 336; 39 Pac., 891; 31 Fed. R., 391; 5 Cranford, 388. *Code has not interfered with principles above quoted as to counter-claims:* Code, 171, 157, 377, 296; 10 S. C., 464; 31 Fed. R., 309.

July 18, 1899.    The opinion of the Court was delivered by

Mr Chief Justice McIver.    The plaintiff brings this action, as a corporation, against the defendants, as copartners in trade, under the name and style of The Charleston Cycle Company, to recover the amount due on three accounts for goods sold and delivered, and for work and labor done at the requests of defendants; each of which accounts is set out in the complaint as a separate cause of action. The defendants, in their joint answer, set up as their defense a general denial of all the allegations in the complaint. The defendant, E. B. Welch, also filed a separate answer, in which he alleges that he alone was at the time mentioned and still is doing business under the name and style of The Charleston Cycle Company, and sets up two counter-claims against the plaintiff upon which he demands judgment against the plaintiff. To the separate answer of the said E. B. Welch, plaintiff replied, admitting the allegation that the plaintiff was at the times mentioned and still is a corporation duly created under the laws of the State of Maine, and denies all the other allegations contained in said answer. Upon this state of the pleadings, the plaintiff gave notice of

motion to strike out the counter-claims upon the grounds that they do not state facts sufficient to constitute either a counter-claim or a defense to this action, inasmuch as the same is brought by the plaintiff against the defendants as copartners, on claims alleged to be due by said copartnership, while the said counter-claims are interposed by the defendant, E. B. Welch, alone, on claims alleged to be due by the plaintiff to him individually. This motion was heard by his Honor, Judge Benet, who after hearing argument of counsel, granted the motion upon the ground that the action being against a partnership upon an alleged partnership debt, one of the partners, defendant, cannot set up as a counter-claim a debt alleged to be due him individually by the plaintiff.

From this order the defendants appeal upon the several grounds set out in the record, which need not be stated specifically here, as the substantial and real question presented by the appeal is whether, to an action of law brought against defendants as copartners, upon a demand alleged to be due by the partnership, one of the defendants can set up, as a counter-claim, a debt alleged to be due him individually by the plaintiff. Under the common law system of pleading, which prevailed in the State prior to the adoption of the Code of Civil Procedure, we do not see how there could be a doubt that the question presented by this appeal would have to be answered in the negative. The principles laid down in the following cases necessarily lead to such a conclusion: *Powie* v. *Fletcher,* 2 Bay, 146; *Philson* v. *Bamfield,* 1 Brev., 202; *Lovell* v. *Whitridge,* 1 McC., 7; *Collins* v. *LeMasters,* 1 Bail., 348; *Watson* v. *Owens,* 1 Rich., 111; *Union Bank* v. *Hodges,* 11 Rich., 480; and in *Kenedy* v. *Cunningham,* Cheves, 50, the point was expressly decided. See, also, Am. Ency. of Law, 292, and the cases there cited The case of *Rice* v. *Shute,* 5 Burrows, 2511, which has been cited by counsel for appellant, apparently for the purpose of quoting therefrom a passing remark of Ld. Mansfield, that "all contracts with partners are *joint and*

*several;* every partner is liable to pay the *whole;"* but the point decided in that case sustains rather than conflicts with our view.   There the action was against one partner only upon a partnership debt.   There was no plea in abatement, by reason of the non-joinder of the other partner, and at the trial the defendant was permitted to give evidence that there was another partner who was not joined in the action; and upon this evidence the plaintiff was nonsuited.   Upon a rule to show cause why the nonsuit should not be set aside and a new trial granted, heard before the King's Bench, the rule was made absolute, upon the ground that the defendant, by failing to plead in abatement the non-joinder of his copartner, had waived the objection, and the evidence that there was another partner who was not joined should not have been received.   The case, therefore, does not decide what the side-note seems to imply—that an action for a partnership debt may be brought against one partner only—but on the contrary it simply decides that in such an action the only remedy which the defendant has, in this respect, is to plead in abatement the non-joinder of his copartner; and if he neglects to resort to that remedy he waives the objection, and he cannot in any other form avail himself of the objection of such non-joinder.   This is for the very good reason that, under the well settled rule, the plea in abatement must give the plaintiff a better writ—must name the absent parties whose presence is necessary—and, therefore, if there is no plea in abatement, as Ld. Mansfield says, the plaintiff "may be nonsuited twenty times before he learns them all." Indeed, in that very case, Ld. Mansfield admits that the rule, as laid down in the books, is that "in actions upon contract, every partner must be made a defendant;" and Mr. Justice Ashton, in his concurring opinion, cites a case in which it was held: "that upon a *joint bond* (to which an action against a partnership is, in several cases, assimulated), the action cannot be brought against one of the obligors *only."* It seems to us clear that the case of *Rice* v. *Shute, supra,* not only does not conflict with, but, on the contrary, sustains the

rule, as we have stated it, which prevailed under the common law system of pleading.

It only remains, therefore, to inquire whether this rule has been abrogated or modified by the Code. The provisions of the Code, in sections 157 and 296, are relied upon to show that the common law rule has been changed, or at least modified. Sec. 157 reads as follows: "Where the action is against two or more defendants, and the summons is served on one or more of them, but not on all of them, the plaintiff may proceed as follows: (1) If the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the Court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served, and if they are subject to arrest, against the persons of the defendants served. Or (2) if the action be against the defendants severally liable, he may proceed against the defendants served, in the same manner as if they were the only defendants. (3) If all the defendants have been served, judgment may be taken against any or either of them severally, where the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them, or any of them, alone. (4) If the name of one or more partners shall, for any cause, have been omitted in any action in which judgment shall have passed against the defendants named in the summons, and such omissions shall not have been pleaded in such action, the plaintiff, in case the judgment therein shall remain unsatisfied, may, by action, recover of such partner severally, upon proving his joint liability, notwithstanding he may not have been named in the original action, but the plaintiff shall have satisfaction of only one judgment rendered for the same cause of action." In the first place, we remark that the various provisions of this section do not apply to the case under consideration. The object of the section, as declared

in the first paragraph, is to provide the mode by which a plaintiff may proceed in an action where the summons *has not been served upon all of the defendants,* and then proceeds to direct how the plaintiff *in such cases* may proceed in the various contingencies presented in the several subdivisions of the section. It is apparent, therefore, that, by the express terms of the section, its provisions do not apply to a case like the present, where both defendants have been served and both have answered the complaint. This has been directly decided in *Dulany* v. *Elford,* 22 S. C., at page 309, where it is said: "Section 157 of the Code, by its express terms, applies only to those cases in which only one of two partners has been served with the summons." And the same doctrine is recognized in *Whitfield* v. *Hovey,* 30 S. C., 117. Besides this we see nothing in the section which indicates any intention on the part of the legislature to make any change in the previously well established rule, except in the cases specially provided for in the various subdivisions of the section, none of which are applicable to the present case. Indeed, it may be doubted, from what is said of the act of 1792 and the act of 1823, in the case of *Simonds* v. *Speed,* 6 Rich., 390, whether any additional change to that effected by those two acts, were made in the cases specified in the contingencies mentioned in the various subdivisions of sec. 157 of the Code, as the former contained provisions very similar to those found in subdivision (4), and the latter seems to have extended those provisions to actions on all joint contracts, as well as to copartnership contracts. But be this as it may, we find nothing in sec. 157 of the Code which changes the general rule or effects any change in the nature of a copartnership contract, which has always been held, in this State at least, to be joint, and not a joint and several contract, both before and since the Code. *Simonds* v. *Speed, supra,* decided prior to the Code, and *Whitfield* v. *Hovey, supra,* decided since the Code, in which case the late Chief Justice Simpson, in delivering the opinion of the Court, after mentioning the fact that in some of the States

the common law rule has been changed by statute; uses this language: "In our State the rule of the common law prevails. A partnership debt is a joint debt, and not joint and several, and the action must be joint; and as we have said above, under the Code, where one of the joint debtors is served, judgment may be obtained against all the joint debtors, in so far as the joint property is concerned."

The case of *Plyler* v. *Parker,* 10 S. C., 464, relied on by appellant's counsel, does not apply; for there the contract sued upon was a *joint and several* contract, and not a joint contract only, as in this case, and either of the defendants might have been sued separately, while here such is not the case. In that case, sec. 298 of the Code, as it was then numbered, now sec. 296, did apply, but it does not apply to the case now under consideration. Sec. 1408 of the Rev. Stat. of 1893 is also relied on to show that the legislature has recognized the doctrine that a partnership contract is joint and several. But, in the first place, the chapter from which this section is quoted is devoted to limited partnerships exclusively, and has no application to general partnerships; and when it is said in that section that the general partners in a limited partnership "shall be jointly and severally *responsible* as general partners now are by law," it makes no change in the nature of a partnership contract; but the intent was simply to impose upon the general partners, in a limited partnership, the same *responsibility* which all the partners in a general partnership assumed—that is, a liability to have a judgment against all the partners jointly, which judgment would bind all the partnership property, as well as the separate property of each individual partner, provided the action on the partnership contract was properly brought; and it does not make, and was not intended to make, any change whatever in the mode of proceeding by which such a judgment could be obtained. At common law no judgment could be obtained in an action at law on a partnership contract unless all the partners were made parties defendants; but by statute, first the act of 1792 .

and afterwards by sec. 157 of the Code, where any one or more of the partners were not served, the plaintiff might proceed with his action against those who were served, and obtain a judgment which bound not only the partnership property, but also the individual property of each of the partners who was served, but not the individual property of such of the partners as had not been served. To bind that, the plaintiff must either resort to another action against the partners not served in the original action, and "upon proving his *joint* liability," may recover judgment against those not served in the original action, as permitted by subdivision (4) of sec. 157 of the Code, or may issue a summons against the partner not served, requiring him to show cause why he should not be bound by the judgment in the same manner as if he had been originally served, as permitted by sec. 377 of the Code, which latter mode of proceeding was adopted and recognized in *Adickes* v. *Allison,* 21 S. C., 245.

The case of *Weisenfield* v. *Byrd,* 17 S. C., 106, is also relied upon by appellant. But all that case decides, so far as the point we are considering is concerned, is that in an action on a partnership demand, the surviving partner and the representatives of the deceased partner may be joined as defendants. It will be observed that, in that case, the Court was at a loss to determine from the pleadings whether it was to be regarded as an action at law or a case in chancery. "It partakes of the nature of both." And all that the case really decides is that, since the Code, legal and equitable causes of action may be united in the same action. How that affects our present inquiry, we are unable to conceive.

We will next consider the case of *Bull* v. *Lambson,* 5 S. C., 283, cited by appellant. In that case the action was brought against J. R. Lambson and D. G. Hough as copartners under the name of J. R. Lambson & Co. Service of the summons was accepted by Lambson for himself and Hough. At the close of plaintiff's case, defendant moved for a nonsuit on the ground "that no copartnership, but only the individual liability of Lambson, had been proved."

The motion was refused, and the plaintiff was allowed to amend by striking out the name of Hough and all allegations of copartnership, and judgment was taken against Lambson individually, from which an appeal was taken upon the ground that the Court erred in granting the amendment. The Court held that under sec. 196 of the Code (now 194), there was no error in allowing the amendment—though Moses, C. J., placed his concurrence upon the ground that Hough, never having been served (Lambson, even if there was a copartnership between them, having no authority to accept service for him), was not a party to the case, and Lambson was the only party before the Court. We are at a loss to conceive how that case affects the present case, except, possibly, in one aspect of it which will hereinafter be considered.

So, also, in the case of *Dulaney* v. *Elford,* 22 S. C., 304, the action was against Elford and Dargan as copartners— Dargan made default, and Mrs. Elford denied that she had ever been a partner. At the close of the testimony for plaintiff, Mrs. Elford moved for a nonsuit as to her upon the ground that there was no testimony that she was a partner, which motion was granted; but the plaintiffs were allowed to take judgment against "W. James Dargan, doing business under the name of Elford & Dargan." Plaintiffs appealed, and the Court held that there being some evidence tending to show that Mrs. Elford was a partner, there was error in granting the nonsuit, and remanded the case for a new trial *as to her.* There was no ruling or decision as to the propriety of the judgment which was entered against Dargan, as he had made default and did not appeal. It is true that this Court did affirm the action of the Circuit Judge in refusing to allow judgment to be entered against "the effects of the firm of Elford & Dargan," but no ruling was asked for or made as to the form of the judgment which was actually entered against Dargan. So that we do not see how appellant can claim any benefit from that case.

The case of *Baker* v. *Hornick,* 51 S. C., 313, simply de-

cides that in action for malicious prosecution against two persons as copartners, the complaint may be amended by striking out all the allegations as to the partnership, so as to convert the action into an action against the same two persons as individuals; and, therefore, does not affect the question which we are now called upon to decide.

The North Carolina case of *McAllister* v. *Milheiser,* 23 S. E. Rep., 502, cited by appellants, is very different from our case. There the action was brought not only against the partnership, but also against the individuals composing such partnership, and the question was whether there was error in striking out a plea filed by one of the defendants in his own behalf, alleging that he had bought out the entire interest of his partner in the partnership assets and had assumed all the partnership liabilities, and setting up a claim which he had thus acquired against the plaintiffs. The Court laying stress upon the fact that the action was brought, not only against the partnership, but also against the persons composing the partnership, individually, held the plea to be good in that case, but were careful to avoid committing themselves as to what would have been the result if the action had been brought against the partnership only, as in the case which we are now called upon to decide. Besides, the Court might well have rested its decision upon the ground that the defendant having bought out all the partnership assets, and having thus become the legal owner of the claim which he sought to avail himself of as a set off, before the action was commenced, he might plead it as a set off in an action brought against him individually. That case, therefore, furnishes no authority for the position taken by appellant.

The case of *Bank* v. *Winslow,* 30 Fed. Rep., 438, having been decided in a State where, by statute, all contracts which, at common law, are joint only, shall be construed as joint and several, certainly cannot be applicable here, where we have no such statute. The only other case cited by appellant, except those cited from the foot-notes of 17 Am.

& Eng. Ency. of Law, 1243-4, which are cases decided in
States where, by statute, joint contracts are declared to be
joint and several, is the case of *Warren Wood Working Co.
v. Cooke Mercantile Trust Co.,* 5 Pa. Dist. Rep., 359, to
which we have not access except through the pages of the
Am. Digest; and as we do not think it safe to rely upon any
case as authority of which we know nothing except from the
statement of it made in any mere digest, we cannot consider
it.    As to subdivision (3) of sec. 157, it plainly only applies
to an action upon a contract which is *joint and several,* and
not to an action upon a contract which is joint only, as in
the present case.    For in an action brought against a part-
nership in which all the partners are served, the judgment
entered is a joint judgment, and no several judgment can be
entered against one of the persons composing the partner-
ship.    The effect of this joint judgment, as provided by
statute, is simply that such joint judgment shall bind not
only the partnership property but also the individual prop-
erty of each of the partners who have been served; but the
statute does not authorize the entry of a *several* judgment
against any of the persons composing the partnership; and
so far as we are informed this has never been attempted in
practice.    The same remarks apply to sec. 296 of the Code.

It seems to us, therefore, that there is nothing in any of
the provisions of the Code which effect any change in the
nature of a partnership contract, whereby it is converted
from a joint contract into a joint and several contract; and
that no change has been affected in the mode of proceeding
for the enforcement of a partnership contract except in the
particulars above stated, none of which are found in
the present case.    Hence it follows that the previ-
ously well settled rule obtains, that in an action against
a partnership or partnership contract, no one of the persons
composing such partnership can set up by way of counter-
claim or set off a demand due to him individually.    This
doctrine is fully recognized and affirmed in Pom. on Rem.,
in sec. 751, on pages 771-72, and also in sec. 761, on page

782 (1st edit.), where that distinguished author, whose work is regarded as standard authority upon questions arising under the Code, after reviewing the decisions, says that certain specific rules are clearly established, the first of which he states in the following language: "When the defendants in an action are *joint* contractors, and are sued as such, no counter-claim can be made available which consists of a demand in favor of one or more of them." And that he regards a partnership contract a joint, and not a joint and several contract, may be seen by reference to page 778 of the same work, where, in a foot-note, he quotes with approval from the case of *Mynders* v. *Snook,* Laus., 488, where the Court used the following language: "Partners are not joint and several debtors, but joint debtors only. Nothing is better settled than the general rule, that a creditor of a partnership is not entitled, as matter of law, to bring a separate action, and have separate judgment against one of the several partners when they are all living." The same doctrine has been recognized by this Court since the adoption of the Code, in the cases of *Byrd* v. *Charles,* 3 S. C., 352, and *Whitfield* v. *Hovey, supra.* Besides, the counter-claim lacks the essential element of mutuality (see *Lanier* v. *Brunson,* 21 S. C., 41, and *Parker* v. *Bank,* 53 S. C., 583), for the claim upon which this action is based is against a copartnership, while the counter-claim which the defendant, E. B. Welch, seeks to set up is a claim alleged to be due by the plaintiff to him individually, and not to the partnership of which he is a member; and in the eye of the law, a partnership is a distinct and separate entity from that of the individuals composing such partnership (see *Trumbo* v. *Hamel,* 29 S. C., at page 526), though, as is said in *Baker* v. *Hornick,* 51 S. C., at page 317, while they are distinct and separate entities, "yet for *some purposes,* they are substantially the same;" as for example, in that case, a judgment against a partnership would bind the same property as a judgment against the individual partners.

The counsel for appellant seems to be under the appre-

hension that, if the order appealed from is not reversed, and the plaintiff, on the trial, should fail to prove the partnership, he might go on and recover judgment against the partner with whom the contract sued on was made, who would thereby be deprived of the opportunity of setting up his counter-claim. But if, as we have seen, the plaintiff, who sues to recover a debt alleged to be due by a partnership, cannot recover a judgment against any one of the partners individually, without amending his complaint by converting his action from an action against the defendants as *copartners,* into an action against them, or either of them, as individuals, as was done in *Baker* v. *Hornick, supra,* there is no ground for such apprehension; for when that is done, the defendant or defendants, as the case may be, would be entitled to answer the complaint as thus amended; and if by the amendment the action is converted into an action against the defendant, E. B. Welch, individually, he then could plead his counter-claim. See *Coleman* v. *Heller,* 13 S. C., 491; *Cleveland* v. *Colus,* 13 S. C., 397.

The judgment of this Court is, that the judgment or order of the Circuit Court be affirmed.