POPE AND FLEMING v. HARTER.

JOSEPH ROSENHEIM & SONS v. HARTER.

PLEADINGS—PRINCIPAL AND AGENT—CAUSE OF ACTION.—A COMPLAINT alleging that A. conducted a business as the agent of B., and in the conduct of that business purchased as such agent goods of plaintiffs without disclosing at the time of the purchase the name of his principal, states no cause of action against A. for the purchase price of the goods.

Before KLUGH, J., Barnwell, March, 1903. Affirmed.

Two actions, (1) by Pope and Fleming against W. E. and Julia E. Harter, and (2) by Joseph Rosenheim & Sons against same defendants. From order sustaining demurrer, plaintiffs appeal.

*Messrs. Bellinger & Townsend,* for appellants, cite: 3 Strob., 544; 1 Ency., 2 ed., 1124; 12 Ves. Jr., 349; L. R., 2 C. P., 174; 9 F. R., 426; 4 Harr., 452; 123 Mass., 77;

114 N. Y., 539; 5 Cush., 210; 6 Ind., 426; 4 T. B. Mon., 535; 2 Litt., 168; 3 Me., 77; 8 Mass., 162; 4 Gray, 156; 2 Met., 319; 100 Mass., 487; 7 Wend., 106; 12 Wend., 413; 1 Hill, 287; 11 S. & R., 362; 20 Vt., 234; 39 Vt., 260; 94 Am. Dec., 324; 3 Hill, 72; 79 Pa. St., 298.

*Mr. I. L. Tobin,* contra, cites: 39 S. E. R., 223; 16 Ency., 1 ed., 118; 1 Ency., 2 ed., 1124.

April 16, 1903. The opinion of the Court was delivered by

Mr. Chief Justice Pope. These two actions came on to be heard before his Honor, J. C. Klugh, as Circuit Judge. They were heard together for the convenience of counsel. After the complaint in each case was read, the defendant, W. E. Harter, interposed a demurrer, in writing, wherein he alleged that such complaint failed to state a cause of action against the defendant, W. E. Harter, in "that it appears upon the face of the complaint that the goods and merchandise mentioned in the complaint were sold to the defendant, Julia E. Harter, through her agent, W. E. Harter, and that the defendant, W. E. Harter, assumed no liability on account of the same." The Circuit Judge sustained the demurrer in each case in the following order: "On hearing the demurrer herein, ordered, that the same be sustained, and the complaint be dismissed as to W. E. Harter." After entry of judgment upon the demurrer as to W. E. Harter, the plaintiffs in each case gave notice of appeal on following ground:

"That his Honor, the Circuit Judge, erred in concluding and holding that it appeared on the face of the complaint that the goods and merchandise were sold and delivered to the defendant, Julia E. Harter, through her agent, W. E. Harter, and that the defendant, W. E. Harter, assumed no liability on account of the same; whereas, he should have concluded and held that, while the fact that W. E. Harter was doing business as agent was known at the time of the

sale, the name of his principal was not disclosed, and hence
he is liable as principal upon such contract of sale."

In disposing of the single ground of appeal in each action,
we think it advisable to reproduce a copy of one complaint,
for the two complaints are practically identical, except in
the amount sued for. In one it is $177.68 and in the other it
is for $478.65. The complaint is as follows:

"The plaintiffs above named, complaining of the defend-
ants herein, allege:

"1. That the plaintiffs above named were at the times
hereinafter mentioned, and now are, copartners in trade, do-
ing business as merchants in Augusta, Georgia, under the
firm name of Pope & Fleming.

"2. That W. E. Harter was at the times hereinafter men-
tioned, and now is, the agent of his wife, the defendant, Julia
E. Harter, conducting as such agent a mercantile business
at Allendale, S. C., under the firm name and style of W. E.
Harter, Agent.

"3. That in the conduct of such business the said W. E.
Harter purchased from the plaintiffs, and the plaintiffs sold
and delivered to him as such agent, goods and merchandise
amounting in value to the sum of $177.68, on the 19th and
29th days of September, 1898. at and for that price, which
he as said agent promised to pay.

"4. That at the time he purchased said goods and mer-
chandise the said W. E. Harter did not disclose the name
of his principal.

"5. That no part thereof has been paid.

"Wherefore the plaintiffs demand judgment against the
defendants for the sum of $177.68."

We are impressed with the idea that the plaintiffs in each
case have been carried away with the allegations of the com-
plaints, *"that at the time he* (W. E. Harter) *purchased* the
said goods and merchandise, the said W. E. Harter did not
disclose the name of his principal," ignoring apparently the
other allegations of the *complaints,* that he not only pur-
chased the said goods as agent, but that he purchased the

goods as the agent of his wife, Julia E. Harter. In the complaints the plaintiffs have set forth defendant's specific agency for his codefendant. If in the complaint the plaintiffs had stopped by alleging that W. E. Harter, agent, had purchased the goods, that he did not and never has disclosed as agent for whom he had purchased the goods, the defendant, W. E. Harter, could not have successfully demurred. But the plaintiffs have not set out how the defendant, W. E. Harter, became personally liable for the goods purchased for his principal. The Circuit Judge did not err, as there complained.

It is the judgment of this Court, that the judgment of the Circuit Court *in each of the actions* herein considered be affirmed, so far as the defendant, W. E. Harter, is concerned, and the actions are remanded to the Circuit Court for trial, so far as Julia E. Harter is concerned.