## 8312
### GOODALE v. PAGE.

1. PLEADINGS—EVIDENCE.—Under allegations of a joint liability on contract, it is error to admit evidence of a several liability. So under an allegation of a joint purchase of crossties by one and a railroad company, it is error to receive evidence that the purchase was made by such person as the agent of the company.

2. PRINCIPAL AND AGENT—EVIDENCE—DECLARATIONS.—The trial Court here adhered to the rule that the mere declarations of an agent are not sufficient to prove agency, and although the charge on this point is somewhat involved it was not prejudicial.

3. CONTRACTS—QUANTUM MERUIT.—A railroad company is under no obligation to pay the manufacturer of crossties for those distributed by him along its line of road and used by it, if the railroad bought them from and paid another for them to whom the manufacturer had sold them to be delivered to the railroad company.

Before DEVORE, J., Chesterfield, November term, 1911. Reversed.

Two actions (1) S. O. Goodale against J. W. Page and Bennettsville and Cheraw Railroad Company, and (2) Gillespie Bros. against same. Defendants appeal.

*Messrs. Stevenson & Matheson,* for appellants, cite: *Necessary allegations in quantum meruit suits:* 3 Strob. 324; 13 Rich. 176; 48 S. C. 307; 22 S. C. 467; 19 S. C. 419.

*Messrs. Edward McIver* and *W. P. Padock,* contra.

September 17, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The above stated cases were tried together on Circuit and in this Court. The issues are the same in substance, and what is said in disposing of one applies to the other.

The plaintiff sued on two causes of action. In the first, he alleges a joint contract on the part of defendants with himself, whereby he was to furnish the railroad company with crossties at 25 cents each; that he delivered 12,221 ties, under the contract, and that defendants owed him a balance therefor of $1,823.90.

The second cause of action is based on *quantum meruit,* and it is alleged that plaintiff furnished and delivered to defendants 12,221 ties for use in the construction and repair of said railroad, and which were accepted and so used; that they were worth 25 cents each, and that defendants owe the plaintiff therefor a balance of $1,823.90.

The defendant, Page, denies the allegations of the complaint, and gives his version of the transaction between himself and the plaintiff, and also that between himself and his codefendant, as follows: He says that he made a contract with the railroad company to furnish it crossties of a specified size and kind; that he then made a contract with plaintiff to furnish a certain number of said ties, at 25 cents each, which was 2 cents apiece less than the railroad company had agreed to pay him for them,—the ties to be shipped to J. J. Heckart, an officer of the company; that his contract with plaintiff was independent of his contract with the railroad company, and that, in making it, he acted for himself alone, and not as agent for the railroad company, and that the railroad company had nothing whatever to do with his contract with plaintiff, except that, by his agreement with plaintiff, the ties were to be shipped to the railroad company and were to be subject to its inspection; that plaintiff shipped a lot of

ties, under this contract, but many of them did not come up to the specifications agreed upon, and were rejected by the railroad company; that he thereupon promptly notified plaintiff of their rejection, and they afterwards inspected them together, and it was found that many of them failed to come up to the size and kind agreed upon, and he and plaintiff then made a new contract, whereby he was to pay plaintiff the price agreed upon for all ties that came up to contract, and half price for all others which the company would accept, notwithstanding they did not come up to the specifications agreed upon; that he paid plaintiff for all ties used, under this contract, except a balance of $89.52, which he was willing to pay.

The answer of the railroad company denies the allegations of the complaint, and alleges that it made a contract with its codefendant, Page, to furnish it crossties, and that it has fully complied with that contract, and paid him for all the ties furnished under it; that it did not know plaintiff in the transaction, and made no contract with him, directly or indirectly.

Under the charge of the Court, the plaintiff in each case recovered judgment against both defendants, and both have appealed therefrom.

It is an elementary rule that you cannot allege one cause of action and prove another; nor can you allege a joint liability and prove a joint and several or a several liability in actions on contracts. *Patton* v. *McGrath,* Rice L. 162; *Pope Mfg. Co.* v. *Cycle Co.,* 55 S. C. 528, 33 S. E. 787. Now, in this case plaintiff alleged a joint contract on the part of the defendants with him. At the trial, he was allowed, without amendment of his complaint, to attempt to prove a different contract,—one which had not been alleged, to wit, a contract made with him by the defendant, railroad company, through the defendant, J. W. Page, as its agent. It is clear that, if Page was the agent of the railroad company, and was authorized to contract for

the company, and did so contract, disclosing his principal, the company alone is liable to plaintiff, and Page is not even a proper party to the action. *Waddell* v. *Mordecai,* 3 Hill 22; *Pope* v. *Harter,* 66 S. C. 54, 44 S. E. 407. But even if Page did not disclose his principal, the plaintiff could not, on discovering the principal, hold both the agent and the principal, but would be required to elect which one he would pursue. *Gay* v. *Uren,* 26 L. R. A. (N. S.) 742, and note.

There are a number of good reasons for the rule of procedure above stated, but it will be necessary to mention only one or two to show its importance to the defendants in its application in this case. Under the allegations of the complaint, the defendants being sued jointly, neither of them could have set up a counterclaim in favor of himself individually against the plaintiff. *Pope Mfg. Co.* v. *Cycle Co., supra.* If the contract which plaintiff was allowed to attempt to prove had been alleged, Page could have had the action dismissed as to him (*Pope* v. *Harter, supra*), and the other defendant could have interposed a counterclaim in its favor; or, if the venue was laid in the county of Chesterfield, because of the residence of the defendant, Page, in that county, it could have had the place of trial changed to a county of its residence.

It follows that the Court erred in admitting evidence to prove a contract made by the company through Page, as its agent, and in charging the jury that if Page was the duly authorized agent of the company, and made the contract for the company, they might find a verdict against both defendants.

The appellants contend that the Court erred in admitting the declarations of the alleged agent to prove the agency, and in charging the jury that they might consider his declarations in aid of the other evidence tending to prove the agency, as, for instance, if the company held him out to the world as its agent. Throughout the trial,

the Court announced and adhered to the general rule that the mere declarations of an alleged agent are not admissible to prove the agency; and, while the part of the charge complained of is somewhat involved, we are not satisfied that, even if there was any error in it, the defendants were prejudiced by it.

The next assignment of error is in the following instruction: "Now, with reference to the second cause of action, which in law is known as a *quantum meruit* suit; the law is this, for the purposes of this case: If the plaintiffs in both cases did ship crossties along the line of the railroad company, whether it shipped them to J. W. Page contracting for himself, and the railroad accepted those crossties, or rather (strike out the word 'accept')— and the railroad used those crossties in the construction or repairing of its roadbed, why, they would have to pay these people who owned the crossties what they are reasonably worth. It does not make any difference whether the plaintiff shipped the crossties to J. W. Page direct, or to the railroad company. If they were there, and the railroad company took them and used them in the construction of its roadbed, and in the repairing of its roadbed, the railroad company would have to pay what they were reasonably worth." If the railroad company made no contract with plaintiff, directly or indirectly, jointly with Page, or severally through Page, as its agent, but if, on the contrary, as it alleged it contracted with Page alone,—bought the ties from him and paid him for them,—it is not liable to the plaintiff. But, under the charge above quoted, the jury were bound to find for the plaintiff against the railroad company, for it was undisputed that plaintiff did ship crossties along the line of defendant's road, and that the company did use some of them; but, as we have seen, if the company bought them from Page and paid him for them, there being no contractual relation between the company and the plaintiff, the company

is not liable to the plaintiff for the ties so used.    This charge was also erroneous in that it assumed that plaintiff was the owner of the ties when the company used them.

Reversed.