14826

SHAW v. GREAT ATLANTIC & PACIFIC TEA CO. *ET AL.*

(1 S. E. (2d), 499)

438

*Messrs. L. D. Jennings* and *W. M. Seabrook,* for appellant,

*Messrs. Epps & Epps,* for respondent,

February 27, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This appeal is from an order of the lower Court of date August 15, 1938, removing the cause, on the motion of the respondent, to the United States District Court for the Eastern District of South Carolina. The order of removal was based upon the conclusion that the first cause of action alleged in the complaint presented a separable controversy between a resident plaintiff and a non-resident defendant, The Great Atlantic and Pacific Tea Company, which could properly be removed to the Federal Court. The other defendant, Ludie O. Edwards, is a citizen and resident of the County of Sumter, in which county the action is laid.

An examination of the complaint shows that two causes of action are alleged and separately stated.

It is alleged in the first cause of action that the respondent, The Great Atlantic and Pacific Tea Company, contracted to sell to the appellant from its store in the City of Sumter certain groceries and other goods, wares and merchandise at stipulated prices, and that acting by and through its local agent and employee, Ludie O. Edwards, with gross fraud, it breached the contract for the sale of the said goods at the prices agreed upon; and that the respondent and its co-defendant, Edwards, deceived and overreached her by deceptively charging and causing her to pay much more than the price agreed upon, accompanying their said breaches of contract with acts of willful fraud.

The second cause of action stated in the complaint is based upon the same facts, except that no reference to any contract is made, nor is there any allegation of any breach thereof. It is clearly an action for fraud and deceit.

The appellant contends that the first cause of action sounds in tort, and not in contract, the gist thereof being that the respondent company, acting by and through its agent, with gross fraud, breached the contract for the sale

of goods at advertised prices, and that both defendants deceived and overreached the plaintiff by charging her prices in excess of the contract, accompanying their said breaches of contract with independent acts of gross and willful fraud, by falsifying the adding machine slips used as the basis of settlement, thereby cheating and grossly defrauding her out of the sum of $150.00, which acts were ratified by the principal. Actual and punitive damages in the sum of twenty-five thousand dollars are claimed.

It is argued on behalf of the appellant that while there are some references to a contract and its breach, yet these allegations do not constitute the gravamen of the action, but are merely preliminary to an action based upon tort. In other words, it necessarily appears from the appellant's argument that although two causes of action are formally stated in the complaint, they are both identical, each being for a tort based upon fraud and deceit.

Although there is a broad distinction between causes of action arising *ex contractu* and those arising *ex delicto,* the dividing line between breaches of contract and torts often lies in a twilight zone, where it is difficult to determine whether the case applies strictly to the one or to the other. There is no certain test by which the Court can be guided in determining whether a particular action is *ex delicto* or *ex contractu. V. P. Randolph & Co. v. Walker,* 78 S. C., 157, 59 S. E., 856. The question must be determined solely from the pleadings, with an eye as to what is the real nature of the grievance.

Where a complaint states a cause of action in contract, and it appears that this is the gravamen of the action, it has been held that the nature of the action as *ex contractu* is not affected or changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant, such as allegations in regard to negligence, or fraud, or conversion, which in such cases may be disregarded as surplusage. 1 C. J. S., Actions, Sec.

46, Pages 1100, 1101. Conversely it is true that an action may be regarded as one in tort where the allegations with reference to a contractual relation may be treated not as the gist of the action, but merely preliminary, and introductory to the statement of the tort action. *St. Charles Mercantile Co. v. Armour & Co.,* 156 S. C., 397, 153 S. E., 473.

Illustrative of the principal that actions in tort often have their beginning in contractual matters, the case of *St. Charles Merc. Co. v. Armour & Co., supra,* refers to that class of cases where a common carrier is held liable in tort for failure to convey a passenger, although the relationship of passenger and carrier grows out of a contract; also to that class of cases against telegraph companies for negligence in the transmission and delivery of messages, where there existed a contract for such transmission and delivery.

In our opinion, the facts alleged in the first cause of action in the case at bar distinguished it from the case of *Winthrop v. Allen,* 116 S. C., 388, 108 S. E., 153, where it was held that the gist of the action therein considered arose *ex delicto,* and that the allegations as to the breach of contract were merely preliminary to the action based on tort. Considering the full scope and effect of the appellant's first cause of action, and regarding its essential allegations for the purpose of determining the nature of the grievance complained of, we are convinced that it is one based upon contract, and that the incidental allegations with reference to fraud and deceit may be disregarded as surplusage.

In this case, confining our discussion to the first cause of action, it is shown that the appellant was a regular customer of the respondent; that on or about June 17, 1938, and at sundry other times theretofore, "the defendant, The Great Atlantic and Pacific Tea Company, contracted to sell to the plaintiff certain groceries and other goods, wares and merchandise at stipulated prices * * *. That the plain-

tiff, acting and relying upon said advertised inducements and upon the representations and statements of the defendant, The Great Atlantic and Pacific Tea Company, as to its attractive prices for said goods, wares and merchandise * * * purchased bills of such goods, wares and merchandise, expecting to pay and agreeing to pay for the same at such stipulated and agreed prices, and no more; but the defendant, The Great Atlantic and Pacific Tea Company, acting by and through its said agent, the defendant, Ludie O. Edwards, with gross fraud breached the contract for the sale of said goods at the prices advertised and agreed upon, and both said defendants deceived and overreached her by deceptively charging and causing her to pay much more * * *". Then follows a detailed statement showing how the breach was accomplished, to her loss in the sum of $150.00.

In Paragraph 4 it is alleged that the plaintiff notified the defendant, The Great Atlantic and Pacific Tea Company, of the alleged fraud, but that the fraudulent acts of Ludie O. Edwards were ratified by the respondent by retaining him in their employ after such notice, "and by keeping the money out of which plaintiff had been defrauded, as aforesaid, without offering or tendering same back to the plaintiff, after such notice."

Certainly the allegations to which we have referred lend just as strong color to an action *ex contractu* as do the allegations pointed out in the complaint in *Lawson v. Metropolitan Life Ins. Co.*, 169 S. C., 540, 169 S. E., 430, wherein the complaint was construed to state a cause of action *ex contractu*.

Even if it could be said that it is doubtful whether the first cause of action in the case before us is on contract or in tort, the doubt must be resolved in favor of the former. *Lawson v. Metropolitan Life Ins. Co., supra; Spratt Building & Loan Ass'n. v. Roper*, 160 S. C.,

240, 158 S. E., 495; *V. P. Randolph & Co. v. Walker, supra.*

The appellant also contends that even if her first cause of action was formally based on breach of contract, that since it was grounded in fraud, the lower Court erred in treating it as a separable controversy, removable to the Federal Court.

The allegations show that the respondent was disclosed as the true principal. The defendant, Ludie O. Edwards, was not a party to it, had no part in procuring it, and therefore could not be charged with its breach, even if the breach was accompanied with fraud. Holding as we do that the first cause of action was one upon contract between the appellant and the respondent, no cause of action is stated against the local defendant, Ludie O. Edwards, for its breach. In our opinion the case presents a separable controversy between the appellant and the respondent company.

Finally the appellant seeks to defeat the right of the respondent, a nonresident, to have the cause removed to the Federal Court by the contention that she had elected to stand upon the tort (stated in the second cause of action), and had taken this position in the lower Court upon the hearing following the filing of the petition and bond for removal.

In our opinion the election comes too late. The pleadings as they stood at the time of the filing of the petition and bond in the State Court must answer the question as to the removability. Where a petition for removal discloses a removable cause, upon compliance with the Federal statute the cause is *eo instanti* removed, and no order made or refused by the State Court can change this status. *Osteen v. Atlantic Coast Line R. Co.,* 119 S. C., 438, 112 S. E., 352.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.