**H. J. McGEE, Plaintiff,**

v.

**F. S. ROYSTER GUANO COMPANY and Jerry Hewitt, Defendants.**

**Civ. A. No. 8676.**

United States District Court
D. South Carolina,
Florence Division.

March 5, 1966.

Yarborough, Parrott & Anderson and C. R. Parrott, Florence, S. C., for plaintiff.

Willcox, Hardee, Houck, Palmer & O'Farrell, and C. Weston Houck, Florence, S. C., for defendant F. S. Royster Guano Co.

McGowan, McDonald & Keller, and David W. Keller, Jr., Florence, S. C., for defendants.

WYCHE, District Judge.

The above case is before me on motion of the defendant Jerry Hewitt to dismiss the complaint as to him on the grounds "(1) That the Complaint of the Plaintiff

fails to state a claim upon which relief can be granted in that said complaint alleges an action against the defendant, F. S. Royster Guano Company, based upon the breach of a contract made solely by and between the Plaintiff and the Defendant, F. S. Royster Guano Company. (2) That the Complaint of Plaintiff alleges in every particular that the Defendant, Jerry Hewitt, was acting within the scope of his authority as agent of the Defendant, F. S. Royster Guano Company and as such cannot be held personally liable to the Plaintiff for any damage which may have been sustained by said Plaintiff as the result of the breach of any contract to which the Defendant, Jerry Hewitt, was not a party."

And the case is also before me upon motion of the plaintiff "to have this action remanded to the Court of Common Pleas for Florence County, South Carolina, * * * upon the grounds that Jerry Hewitt is a proper party defendant in this cause, and was not fraudulently joined, or made a party defendant for the purpose of defeating the jurisdiction of this Court, and that the action is one in tort and not for damages for breach of contract. * * * "

The complaint in this case alleges that the plaintiff is a resident of Florence County, South Carolina; that he earns his livelihood as a farmer in the Cartersville-Timmonsville section of Florence County, that at sometime prior to the spring of 1963, he was contacted by the defendant Jerry Hewitt regarding the acidity of the soil on lands owned by him; that at all times the defendant Jerry Hewitt was acting within his authority as agent and representative of the defendant corporation F. S. Royster Guano Company; that the defendant Jerry Hewitt, as agent of the defendant F. S. Royster Guano Company then took certain soil samples from various fields owned by plaintiff, had them tested, reported the results to plaintiff and advised him of recommendation that plaintiff use lime upon his soil in varying quantities to de-

crease the acidity of the soil in the various fields; that as a result of the above solicitation by F. S. Royster Guano Company through its agent, Jerry Hewitt, plaintiff agreed to purchase lime in the quantities recommended by the defendant F. S. Royster Guano Company and entered into an agreement to purchase lime in the recommended quantities, the defendant F. S. Royster Guano Company to apply the lime upon the fields of plaintiff; that the defendant F. S. Royster Guano Company later applied the lime pursuant to his agreement with said F. S. Royster Guano Company, but that when the lime was applied it was applied in the absence of the plaintiff and in amounts in excess of the quantities recommended by F. S. Royster Guano Company and agreed upon by plaintiff; that in addition to the excessive quantities of lime applied in certain fields lime was applied in one field wherein no lime was to be applied, all in violation of plaintiff's agreement with the defendant F. S. Royster Guano Company. The remainder of plaintiff's complaint sets forth the alleged damage he suffered as a result of the breach of this agreement.

A review of the complaint in this case convinces me that the original contract of sale between the plaintiff and the defendant F. S. Royster Guano Company and the failure by the F. S. Royster Guano Company to perform properly that contract is the gravamen of the action, and that the nature of the action is one *ex contractu* and is not altered by the allegations of the complaint in regard to negligence, carelessness and recklessness on the part of the defendants. Where it is doubtful whether the cause of action is on contract or in tort, the doubt must be resolved in favor of a finding that it is one in contract. Shaw v. Great Atlantic & Pacific Tea Co., 189 S.C. 437, 1 S.E.2d 499.

The South Carolina courts have held that "While the motive prompting the breach and alleged acts accompanying same are characterized as 'wicked', 'un-

lawful', 'fraudulent', etc., words sounding in tort, 'recriminatory words sounding in tort, however numerous or however oft-repeated, cannot change the structural essence of a cause of action.' " Green v. Industrial Life & Health Ins. Co. et al., 199 S.C. 262, 269, 18 S.E.2d 873, 876.

■■ Having reached the conclusion that a cause of action for breach of contract has been alleged and that the allegations as to negligence may be regarded as bearing on the issue of whether the breach of contract was accompanied by negligent, careless, reckless or willful acts, the contractual action is wholly between plaintiff and the defendant F. S. Royster Guano Company to which the defendant Jerry Hewitt is not a necessary or proper party. He was not a party to the contract. "Where an agent enters into a contract for a known principal, while acting within his authority as such agent, he is not personally liable on the resultant contract. The liability, if any, for a breach of such contract is that of the principal alone." Green v. Industrial Life & H. Ins. Co. et al., supra; Goodale v. Page, 92 S.C. 413, 75 S.E. 700; Skinner & Ruddock, Inc. v. London Guar. Co., 239 S.C. 614, 124 S.E.2d 178.

For the foregoing reasons, it is my opinion that the motion of the defendant Jerry Hewitt that the complaint in this action be dismissed as to him should be and the same is hereby granted, and

It is so ordered.

It appearing that there is diversity of citizenship between the plaintiff and the remaining defendant F. W. Royster Guano Company,

It is ordered, that the motion of the plaintiff that the above action be remanded to the Court of Common Pleas for Florence County, South Carolina, be and the same is hereby denied.