HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.

## COTHRAN v. KNIGHT.

1. EVIDENCE.—The opinion of plaintiff in replevin, as to the amount of his damage by reason of the detention of the property, is inadmissible, where he is not interrogated as to the facts upon which he bases it, although they can be reproduced and made palpable in the concrete to the jury.

2. PROOF OF BOND.—The bond of defendant in replevin for the return of property may be proved by one who, though not a subscribing witness, saw the same executed and delivered; especially where it is only offered to prove an admission by defendant that he had taken the property, and that it was taken from him under claim and delivery proceedings, and that upon executing the bond, return or possession of the same was demanded.

3. EXCEPTIONS taken by respondent upon the trial will not be considered by this Court without the usual notice in writing to the other side, that he intends to ask this Court to sustain the judgment below on other grounds than those on which it was placed by the trial judge.

Before GARY, J., Greenville, July 28, 1894.    Reversed.

This was an action commenced November 29, 1893, by J. R. Cothran against J. E. Knight and Robert Coker for the possession of a lot of seed cotton and cotton seed, alleged to be in the possession of Coker. Coker, as constable for Scott, trial justice, had levied on the property under execution in the case of J. E. Knight against J. R. Cothran. Endorsed on the execution was the statement that the debt had been contracted for supplies used in making a crop in 1893. At close of plaintiff's testimony, Judge sustained a motion of nonsuit, and plaintiff appealed.

*Mr. Jos. A. McCullough*, for appellant.

*Messrs. Earle & Moody*, contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced on 29th November, 1893, by service of the summons and complaint on the defendants. The action was for the recovery of personal property and damages for the alleged unlawful detention of the same. The immediate delivery of the said property was demanded, the necessary bond and affidavit were served, and possession of the property was accordingly taken by plaintiff. The defendants answered, and claimed a return of the property, and for that purpose executed and filed with the sheriff the necessary undertaking.

The cause came on for trial before his Honor, Ernest Gary, presiding Judge, and a jury. Upon the close of plaintiff's testimony, the presiding Judge, on motion of defendants' attorneys, granted an order of nonsuit, from which the plaintiff has appealed to this Court. After the reading of the complaint, the defendants' attorneys interposed an oral demurrer (which was afterwards reduced to writing, as required by the rule of Court), upon the ground that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was overruled.

The defendants excepted to the ruling of the Circuit Judge in overruling the demurrer, on several grounds stated

in the case, but did not give written notice to the attorney of the appellant that he desired to sustain the judgment appealed from upon other grounds than those upon which it is rested by the Circuit Judge, and stating the additional grounds upon which he proposed to rely.

Appellant's first exception, alleging error on the part of the presiding Judge, is as follows: 1. "In refusing to allow the plaintiff to testify in answer to the question, 'How much do you consider now, outside of the value of the cotton, have you been actually damaged by reason of the taking of this cotton?' said question being relevant and responsive to the allegations of the complaint." The witness was not interrogated as to the facts upon which he based his opinion, although the case was one in which they could be "reproduced and made palpable in the concrete to the jury." *Seibels* v. *Blackwell*, 1 McM., 56; *Jones* v. *Fuller*, 19 S. C., 66. This exception is, therefore, overruled.

The second exception, alleging error on the part of the presiding Judge, is as follows: "In not allowing plaintiff to prove the bond of the defendant, J. E. Knight, for the return of the property described in the complaint, by the witness, J. D. Gilreath, the said witness having seen the same executed and delivered, though not a subscribed witness to the same: (1) Because said bond was not directly in issue, but was only sought to be used for the purpose of showing admission, on the part of Knight, that he had taken the property described in the complaint from the possession of the plaintiff, that said property was taken from him (Knight) under said claim and delivery proceedings, and upon executing said bond, as required by law, return or possession of same was demanded. (2) Because said bond was not such a paper as the law required to be witnessed by a subscribing witness." This ruling of the presiding Judge was erroneous, for two reasons: 1st. Because the instrument of writing was only offered to prove a collateral circumstance, and parol evidence of the

contents of the writing was admissible for that purpose. *Lowery* v. *Pinson*, 2 Bail., *328. 2d. Because the instrument of writing was not one of those which the law requires should be attested by a subscribing witness, and, therefore, it was not necessary that the subscribing witness should prove its execution before it could be offered in evidence. *McGowan* v. *Reid*, 27 S. C., 262.

Having reached the conclusion, that the order of nonsuit should be set aside, we think it would be best for this Court not to pass upon the sufficiency of the facts set forth in the appellant's third exception to carry the case to the jury. This Court declines to consider the exceptions of the defendants for the reason hereinbefore stated.

It is the judgment of this Court, that the order of nonsuit be reversed.