## 7383

### ASBILL v. MARTIN, SUPERINTENDENT OF EDUCATION.

1. CONSTITUTIONAL LAW—JOINT RESOLUTION—SCHOOL FUNDS.—The General Asesmbly has no power under the Constitution to disburse public school funds by Joint Resolution, except through the trustees of the district.

   *Dickson* v. *Burckmeyer,* 67 S. C., 534, *distinguished from this.*

2. ADDITIONAL GROUNDS.—Constitutional objections to the validity of a Joint Resolution, urged by respondent below, not passed on by Cir-

cuit Court, will not be considered here unless respondent give notice of intention to rely on them to sustain the Circuit decree.

Before DANTZLER, J., Lexington, March, 1909. Affirmed.

Action by E. L. Asbill, W. A. Shealy and W. E. Quattlebaum, as trustees of school district No. 15, against A. D. Martin, superintendent of education for Lexington county, E. L. Wingard, county treasurer, and Miss Fannie L. Johnson. From order overruling demurrer, defendants appeal.

*Messrs. Efird & Dreher,* for appellants, cite: 30 S. C., 579; Con., art. X, secs. 5, 12; art. XI, secs. 2, 6; Endlich on Int. of Stat., 527; 22 Stat. 122, 920; Code, 1902, 1241; 23 Stat., 536, 865, 1238; 24 Stat., 683, 1124, 1126; 25 Stat., 849, 851, 853, 854; 24 Stat., 679; 25 Stat., 1443, 1451, 1457, 1459.

*Messrs. Graham & Sturkie,* contra, cite: art. XI, sec. 6, Con.

November 25, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This cause depends on the constitutionality of the following joint resolution passed by the General Assembly of 1909: "A Joint Resolution to require the superintendent of education of Lexington county to pay Miss Fannie L. Johnson salary for teaching in Leesville district No. 15.

Sec. 1. "Be it resolved by the General Assembly of South Carolina: That the superintendent of education of Lexington county is hereby authorized and required to draw his warrant in favor of Miss Fannie L. Johnson for three hundred and fifteen dollars as her salary for teaching in Leesville school district No. 15 of Lexington county, for the years 1906 and 1907, and that the county

treasurer of said county is hereby authorized to pay said warrant out of the funds in his hands as treasurer to the credit of Leesville school district No. 15."

The plaintiffs, as trustees of school district No. 15 of Lexington county, brought this action to enjoin the county superintendent of education from drawing, and the county treasurer from paying the warrant provided by the resolution, alleging the resolution to be unconstitutional, for the several reasons set out in the complaint. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The Circuit Court held the resolution to be violative of section 6, article XI, of the Constitution of the State.

The Constitution permits no escape from the conclusion of the Circuit Judge that school funds appropriated or credited to a school district can be disbursed only through the trustees of the district. Section 6, article XI, provides: "The existing county boards of commissioners of the several counties, or such officers as may hereafter be vested with the same or similar powers and duties, shall levy an annual tax of three mills on the dollar upon all taxable property in their respective counties, which tax shall be collected at the same time, and by the same officers as the other taxes for the same year, and shall be held in the county treasury of the respective counties; and the said fund shall be apportioned among the school districts of the county in proportion to the number of pupils enrolled in the public schools of the respective districts, and the officer or officers charged by law with making said apportionment shall notify the trustees of the respective school districts thereof, who shall expend and disburse the same as the General Assembly may prescribe." This relates, it is true, only to the three mill tax provided by the Constitution, but in other portions of the same section there is a requirement that the other school funds therein provided for shall be "disbursed as other school funds." The "other school funds" referred to are mani-

18—84

festly the school funds derived from the three mill tax previously mentioned in the section. Reading these provisions of the Constitution in the light of the requirement of section 29, article I, which requires that: "The provisions of the Constitution shall be taken, deemed and construed to be mandatory and prohibitory, and not merely directory, except where expressly made directory or permissory by its own terms," it seems clear; (1) that the school trustees alone may disburse school funds apportioned or credited to their respective school districts; and, (2) that in making the disbursements the trustees are under the control of the General Assembly. Hence, while the General Assembly may direct the disbursement of the school funds provided for by the Constitution, it can only exercise this power through the trustees. It follows, as held by the Circuit Judge, that this Joint Resolution, which ignores the trustees and requires the county superintendent of education and the county treasurer to disburse the funds, is in violation of the Constitution.

The argument that the trustees may be passed over in a resolution of this kind, because their duty to disburse, under the requirement of the General Assembly, is purely ministerial, is not sound. The trustees have the important duty of keeping a check on the county superintendent of education, as well as the county treasurer. This duty may be purely ministerial, but in the view of the makers of the Constitution it was necessary to its performance that all school funds should be disbursed by the order of the trustees. In this respect, the principle is different from that involved in *Dickson* v. *Burckmeyer*, 67 S. C., 534, 43 S. C., 343. There the only duty required of the county board of commissioners by the Constitution was that of seeing that the three mill school tax fixed by the Constitution was placed on the auditor's books; and it was held that, as the county board of commissioners had no power nor responsibility beyond

requiring the tax to be entered, if it was entered without their requirement, the entry would be legal.

Other constitutional objections to the Joint Resolution were set up in the complaint, but they cannot be considered because they were not passed on by the Circuit Court, and plaintiff's counsel did not give notice of his intention to reply on them to sustain the Circuit decree. *Cothran* v. *Knight,* 45 S. C., 1, 22 S. E. 596.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.