12876

GUIGNARD BRICK WORKS v. ALLEN UNIVERSITY

(152 S. E., 707)

December, 1929.

508

510

512

514

*N. J. Frederick,* for appellant,

*Mr. D. W. Robinson, Jr.,* for respondent,

April 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, Guignard Brick Works, against Allen University, defendant, was commenced in the County Court for Richland County, May 15, 1929, for recovery of the sum of $312, alleged to be due the plaintiff by the defendant for a certain lot of brick alleged to have been sold and delivered unto the defendant by the plaintiff. Issue being joined the case was tried before Hon. M. S. Whaley, Judge of the County Court of said County, and a jury. The date of trial is not stated in the transcript of record. At the conclusion of the testimony for the plaintiff the defendant made a motion for a nonsuit, which motion the Court refused. Whereupon the defendant introduced testimony, and at the conclusion of all of the testimony the defendant made a motion for direction of a verdict, which motion the Court also refused, and the case was submitted to the jury. The jury returned a verdict against the defendant for the amount involved, $312. From the entry of judgment on the verdict the defendant has appealed to this Court.

The exceptions, five in number, with several of the same containing a number of subdivisions, present for consideration the following questions:

(1) Did his Honor, Judge Whaley, commit error of law in refusing to grant defendant's motion for a nonsuit?

(2) Was the defendant entitled to a direction of a verdict?

(3) Did his Honor commit prejudicial error in his charge to the jury?

(4) Should defendant's motion for a new trial have been granted?

As to the alleged error in refusal to grant a nonsuit and refusal to direct a verdict for defendant, an examination of the testimony, as disclosed by the transcript of record, convinces us that the position of appellant is not well taken.

It is the contention of the plaintiff that between the dates of March 23, 1928, and April 5, 1928, the plaintiff sold and delivered to the defendant a certain lot of brick, and that the

defendant has failed and refused to pay for the same, the amount involved being $312. The defendant denied owing the plaintiff the alleged claim, denied having made the alleged purchase, and, further, interposed the following additional defense:

"1. That about the time alleged in the complaint, a supply of bricks was delivered on the grounds of the defendant, but, as it is informed and believes, they were purchased by one G. E. Curry with whom defendant had entered into a contract to build a wall around the grounds of defendant for a definite sum.

"2. That the said G. E. Curry was not at any time the agent of defendant, nor was any notice given defendant by plaintiff that it was furnishing bricks and would look to it for payment.

"3. That in accordance with the said contract between the defendant and the said G. E. Curry, defendant paid in full its obligation after the completion of the said work to the said G. E. Curry."

The testimony tends to show that the plaintiff was at the time in question and for a long time prior thereto engaged in the business of the manufacture and sale of brick, and for years had been delivering to the defendant, Allen University (hereinafter referred to as the University), brick on 'phone orders; that in January, 1928, the office of the plaintiff received a 'phone call from the University, stating that it was the University calling, and that the University desired to purchase some brick and requested the plaintiff to send its representative to the University for that purpose; that in response to that 'phone call and request Mr. Long, who was connected with the plaintiff, went to the office of the University where he was met by G. E. Curry, with whom Mr. Long talked regarding the sale of the brick, pursuant to said request made over the 'phone. It appears from the testimony that Mr. Long had not met Curry before; neither did he know the officers in charge at

the University. The testimony tends to show that on that occasion, while Mr. Long was at the time at the office of the University, Curry ordered from the plaintiff, through Mr. Long, for the University, a lot of brick and the plaintiff delivered the same and billed the same to the University, and the same was charged on the books to the University. It appears from the testimony of Mr. Long that at the time the order was given for this lot of brick Curry told Mr. Long that the brick were for the University, and at that time, according to the testimony of Mr. Long, Curry purported to be connected with the University, and that he (Long) had no reason to doubt that Curry was connected with the University, and, further, that the order was taken for the University. Mr. Long further stated in the course of his testimony that the bill for this order was paid for in cash, by Curry, in the office of the University. The testimony further tends to show that in the month of March of the same year, 1928, the plaintiff received another telephone call from the University, the party calling stating that it was the University calling, and gave another order for some brick to be sent to the University for the University, and, pursuant to said order, the testimony tends to show, the order was filled, the brick sent to the University and delivered there, billed to the University, and an entry made on the books of the plaintiff against the University for the same. There is also testimony tending to show that the brick in question were used in the construction of a wall on the University grounds. There was also testimony which tended to show that the University was notified within a reasonable time that the brick were charged against it, and that the plaintiff looked to it for payment; it appears that a number of letters were written by the plaintiff to the University, inclosing a statement of the account outstanding, to which letters according to the testimony, the officers of the University did not reply and did nothing to indicate that it was not responsible for the account or disputed the same. The testimony also tends to

show that later, after not being able to get a reply to the several communications addressed to the University, the plaintiff sent a special collector to the University, who talked to the president of the University and other officers of the University, and the president, on the first call of the collector, expressed surprise that the bill had not been paid, and said nothing to indicate that the University was not responsible for the claim; that later those in charge of the University claimed that the said G. E. Curry was responsible for the claim and had received the money for paying the claim. Pursuant to request of the University officers the plaintiff wrote the said G. E. Curry, but received no reply from Curry. It is true that these inferences, to which we have called attention, may not be the only inferences of which the testimony is susceptible, but in our opinion are reasonable inferences to be drawn therefrom. The testimony introduced by the defendant in the main tended to establish defendant's claim, as set forth in its answer, but since the testimony taken as a whole is susceptible of more than one reasonable inference, and in view of the fact that in passing upon motions for a nonsuit and motions for direction of a verdict it is the duty of the Court to consider the testimony in the most favorable light for the plaintiff, we think his Honor, Judge Whaley, properly refused to grant said motions and committed no error in submitting the case to the jury. We think there was ample testimony as to the agency of G. E. Curry for the defendant to take the case to the jury, and in this connection we call attention to the rule that agency may be inferred from the course of conduct. We think that his Honor, Judge Whaley, was right in leaving it to the jury to say, under the facts and circumstances of the case, whether Curry was the agent of the University in incurring the obligation in question, and whether or not the plaintiff had the right, under the facts and circumstances of the case, to rely upon Curry's apparent authority of agency of the University in incurring the obligation in question.

We also think that there was sufficient evidence of estoppel on the part of the University to warrant the trial Judge in submitting that question to the jury.

As to the allegations of error imputed to the trial Judge in his charge to the jury, we are unable to agree with appellant. We find nothing in the charge that was unfair to the defendant, and, considering the charge as a whole, the law was correctly stated and the issues impartially submitted.

As to the question raised with reference to his Honor's refusal to grant the defendant's motion for a new trial, that question is disposed of by what we have stated in our discussion of the foregoing questions. The only assignment of error under the exception raising this question is "that the verdict is not supported by the evidence, but rather contrary to it." As hereinabove stated, there was testimony that warranted the trial Judge in sending the case to the jury. Under such circumstances the ruling of the trial Judge in refusing to disturb the verdict will not be reviewed by this Court.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.