15042

MOORE *ET AL.* v. HARDAWAY CONTRACTING CO.

(8 S. E. (2d), 511)

February, 1939.

*Mr. John D. Nock,* for appellant,

*Messrs. L. C. Wannamaker* and *James E. Leppard,* for respondents,

March 20, 1940.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The plaintiffs recovered judgment against the defendant for the breach of an alleged oral contract, by the terms of which the plaintiffs claim to have rented to the defendant in April, 1937, a certain building in the Town of Chesterfield for the storage of trucks and for use as a field office. It is alleged that in violation of the agreement the defendant stored tractors, road equipment, and gasoline therein, used the building as a repair shop, and negligently spilled gasoline in and about the building, as the result of which it was destroyed by fire the same month. It is further alleged that but for such unauthorized use the building would not have been burned and destroyed.

The defendant admitted the destruction by fire of the building referred to, but denied the rental agreement and all other material allegations of the complaint.

Throughout the trial of the case Hardaway Contracting Company maintained that it had no contract with the plaintiffs, express or implied, but entered the premises as a subtenant of one J. H. Spence, an independent hauling contractor with whom it occupied the building, and that any rental agreement plaintiffs may have had was with Spence.

The plaintiffs, in accordance with the allegations of the complaint, sought to prove their primary contention that the agreement was made with the defendant alone, through B. E. Benson, its superintendent. They also adopted the theory, and sought to establish it, that the alleged lease was made solely with Haraday Contracting Company through Spence. And testimony was introduced in the effort to show that Spence was the agent of the defendant, and as such authorized to make the contract.

The defendant assigns error to the lower Court in refusing its motions for nonsuit, directed verdict, and a new trial, upon the ground that there was no evidence tending to establish the alleged rental agreement.

Hardaway Contracting Company was engaged in constructing a highway in Chesterfield County under the direction of its superintendent, B. E. Benson. The excavation on the project and the removal of earth was being done by J. H. Spence, an independent contractor. According to the testimony of the plaintiffs the alleged rental agreement was made in a long distance telephone talk between W. B. Moore, one of the plaintiffs, in Wadesboro, North Carolina, and someone in the Town of Chesterfield, who either said he was Benson, acting for the defendant, or that he was Spence, speaking for the Hardaway Contracting Company. Irrespective of the identity of the person talking, the building was leased for a monthly rental of $15.00, and both Spence and Hardaway Contracting Company were occupying it at the time of the fire. The issue in the case is, was it rented to Spence or to Hardaway? They both contend that it was rented to Spence.

We may at once dissipate any confusion as to the identity of the person who had the telephonic conversation with the plaintiff, Moore, at Wadesboro. Moore testified that he did not know Benson, had never seen him, and had never heard his voice. Proof of identity rested solely upon Moore's testimony that the man speaking with him said that his name was Benson. There was a total lack of corroboration, direct

or circumstantial. On the contrary, the evidence is susceptible of no other reasonable inference than that the person who talked over the telephone with Mr. Moore was J. H. Spence, the independent hauling contractor. So that the inquiry narrows down to the question whether Spence entered into the agreement or lease of the building for himself, or whether in making the agreement he was acting for the defendant. And this involves the issue of agency.

Moore said that the person speaking with him over the telephone stated that he was renting for Hardaway. Both Benson, the superintendent of the defendant, and Spence, who talked with Moore, denied positively that any relationship of principal and agent existed. Benson stated that Spence was an independent contractor, and was not authorized to act for the defendant in any manner. Spence confirms this, and asserts that he was acting for himself alone in making the rental agreement for the building; that he subrented a portion of it to the defendant for a field office, and that the defendant agreed to pay him $7.50 per month for its use. He categorically denied that he told Moore that he was speaking on behalf of Hardaway.

The respondents point to certain evidence of Benson as showing that he authorized Spence to negotiate for the renting of the building for the defendant. It is true that Benson said he was "looking for an office in town when he (Spence) told me that he could get that place, and would let me have half of it." And he further said that he refused to agree to pay one-half of the rent until Spence could definitely learn what the one-half would amount to. But this testimony does not tend to prove any agency to act for or bind the defendant; it clearly is to the contrary.

The respondents rely upon several circumstances as corroborative of their contention that Spence was acting as the agent of the defendant, among these, that Hardaway Contracting Company occupied a portion of the building for an office and placed some of its road machinery in the building. This is admitted. But these circumstances are entirely

consistent with the contention that the defendant occupied the building as a sub-tenant of Spence. Another circumstance is, as shown by the evidence of Spence and Benson, that it was agreed between themselves that the defendant would pay the monthly rent and charge Spence's one-half of the rent against him. As a matter of fact the building was destroyed by fire before the expiration of the first month, and no rent was ever paid. But if it had been paid in the manner adverted to, this circumstance, in the light of the evidence, does not warrant the deduction that the defendant rented the premises. The evidence further shows that Spence as an independent contractor, had been engaged in excavating and hauling in construction work in other projects awarded to Hardaway Contracting Company, and had never been authorized to lease or rent any building for the use of that firm. Spence says that he rented the building in question from the plaintiffs so that he would have a place where he could store and repair his trucks. And at the time of the fire one or more of his trucks was in the building. He did not have an office in the building.

The relation of agency need not depend upon express appointment and acceptance, but may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case. *Mortgage & Acceptance Corporation v. Stewart,* 142 S. C., 375, 140 S. E., 804. Agency may also be inferred from a customary course of conduct. *Guignard Brick Works v. Allen University,* 155 S. C., 507, 152 S. E., 707.

While agency may not be established by the declarations and conduct of the alleged agent alone, such declarations and conduct may be admissible as circumstances in connection with other evidence tending to establish agency. *Bass v. American Products Export & Import Corporation,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Watkins v. Atlantic Coast Line R. Co.,* 97 S. C., 148, 81 S. E., 426, 2 C. J. S., Agency, page 1045, § 23.

In our opinion, the evidence in this case is not susceptible of a reasonable inference that an agency, express or implied, existed in regard to this lease between Spence and the defendant. It is true that "prior habit or conduct, or course of dealing between two persons may give rise by implication to the relation of agency between them. But there is an entire absence of evidence tending to establish this in the case here. Nor do we find any evidence from which a reasonable inference might be drawn that agency by estoppel has been shown. The plaintiffs have failed to prove that a rental agreement existed between them and the defendant for the building in question. The general rule is that in the absence of circumstances putting a reasonably prudent man on inquiry ratification cannot be implied as against a principal who is ignorant of the facts. 2 C. J. S., Agency, page 1086, § 42.

One of the plaintiffs, W. B. Moore, testified that the person who made the rental agreement with him over the telephone said that he was acting for Hardaway. We can find nothing in the record from which a reasonable inference might be drawn, even if this testimony be accepted as true, —that Spence who actually talked with Moore, had any authority from the defendant to bind it in any agreement. Spence had neither real nor ostensible authority to represent the Hardaway Contracting Company in such a transaction, as shown by the evidence.

The respondents also take the position that if Spence rented the building at all, he rented it for the defendant and himself, and consequently they were joint lessees, and that the defendant might be held liable upon this theory. This suggestion was made in the Circuit Court after all of the evidence was in, and when the motion for a directed verdict was being argued; but it was overruled by the trial Judge upon the ground that the whole case had been tried upon the theory that the contract had been entered into by the plaintiffs with the defendant alone. He stated, "I am going

to charge this jury on the theory upon which we have been trying this case yesterday and today, that it is based upon a contract, and a breach of a rental contract ,and that breach being accompanied by negligence, bringing about the destruction of the building."

The respondents now in this Court, and for the first time, assert that the defendant might be held liable as a sub-lessee.

When, in the course of the trial, the Court construed the cause of action alleged by the plaintiffs to be based upon a breach of contract, counsel for plaintiffs expressed no dissent. And this was the theory upon which the case was tried throughout. Nor did they at any stage of the trial ask leave to amend their complaint to conform to the proof.

The appeal must be construed in the light of the general rule that the theory pursued in the trial Court with respect "to the relief sought and grounds therefor," must be adhered to in the appellate Court. *Melette v. Atlantic Coast Line R. Co.,* 181 S. C., 62, 186 S. E., 545; *Wilson v. Southern Ry., Carolina Division,* 123 S. C., 399, 115 S. E., 764; *Iler v. Jennings,* 87 S. C., 87, 68 S. E., 1041; *McKittrick v. Greenville Traction Co.,* 84 S. C., 275, 66 S. E., 289; *Cothran v. Knight,* 45 S. C., 1, 22 S. E., 596.

Respondents now maintain that the cause of action alleged in the complaint sounds in tort, and that while allegations of the contractual relation are woven into the complaint, such allegations are not the gist of the action, but merely preliminary and introductory to the statement of the tort action.

As already stated, the cause was tried upon an entirely different theory—that is, upon the theory of *ex contractu* and not *ex delicto.* But apart from this, if the question were now an open one, we would feel compelled under the authority of *Shaw v. Great Atlantic & Pacific Tea Company,* 189 S. C., 437, 1 S. E. (2d), 499, to hold that the complaint in this case states a cause of action in contract and not in tort.

It is our opinion that the defendant's motion for a directed verdict should have been granted.

Judgment reversed and case remanded for entry of judgment in favor of defendant.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER and BAKER and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

## ON PETITION FOR REHEARING

*Per curiam.* April 19, 1940.

In the petition for rehearing in this cause, the respondents contend that the Court erred in failing to follow Rule No. 27, to the effect that an appeal from the refusal to direct a verdict will not be sustained when under all the circumstances a nonsuit would have been the appropriate remedy.

We held in the opinion filed that there was no evidence to support the allegations as to the rental agreement, and accordingly concluded that the motion for a directed verdict should have been granted.

The respondents now say that if there was no evidence to support the rental agreement, then the defendant's motion for a nonsuit should have been granted, and that under such circumstances a nonsuit would have been the appropriate remedy.

However, in our opinion it would not have been proper for the Circuit Court under the evidence to have granted a nonsuit. When the Circuit Court overruled defendant's motion for a nonsuit, it announced, "There is a declaration by Spence, I am getting this building for the Hardaway Contracting Company. Then we find the Hardaway Contracting Company on the premises, occupying a part of it as a field office, and having their tractors in there, and men working on the tractors, and Hardaway paying these men. That is certainly some evidence."

When the witness, C. B. Burch, was recalled by the plaintiff he testified that he heard Spence tell Moore over

the telephone that he was renting the building for Hardaway Contracting Company; and there was other testimony in the record offered by the plaintiff from which an inference of agency might have been drawn, or as to which the inferences were in doubt. At that stage of the trial the Court was correct in overruling the motion for a nonsuit.

The respondents also contend that when it appears ■ that a plaintiff might be able to supply additional evidence to support the cause of action, a verdict will not be directed, but a new trial granted. It is said that if a retrial be ordered, the plaintiffs might be able to prove that the rental agreement was actually made between the plaintiffs and the Hardaway Company. However, this case was commenced on June 21, 1937, and was not reached for trial until July, 1939. The plaintiffs had a period of more than two years within which to gather evidence. A time comes when there should be an end· to litigation, especially where, as in this case, there is nothing in the record to suggest that any additional testimony on the point is available.

The respondents raised the point in their brief, and ■ now in this petition, that the appellant did not in formulating its exceptions employ the proper phraseology. That instead of saying that there was *no* evidence to support the cause of action, it used the phrase "no legally sufficient evidence" to establish any rental agreement between the plaintiffs and the defendant. This objection was not raised in the Court below at the time the motion for a nonsuit and directed verdict was made in substantially the same words, and it seems to us that it verges on the hypercritical to stress it on appeal.

In its exceptions to this Court these words are used in raising the issue that the Court erred in failing to direct a verdict: That there was no "legally sufficient evidence" to establish agency or to establish the rental agreement. While this language is not technically correct the intended meaning of the appellant is unmistakably imported into the words it used. We are not disposed to dismiss the appeal

or refuse to consider the exceptions on such debatable ground.

It therefore follows that the petition must be dismissed.

Petition denied.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.