17359

JOHN T. LAWLOR, Respondent, v. FRANK X. SCHEPER *ET AL.*, of whom Scheper & Bullock Realty & Insurance Company is Appellant.

(101 S. E. (2d) 269)

*Ryan L. Scott, Esq.,* of Columbia, *for Appellants,*

*Jack D. Simrill, Esq.,* of Rock Hill, *for Respondent,*

*Ryan L. Scott, Esq.,* of Columbia, *for Appellants,*

December 4, 1957.

Oxner, Justice.

This action was brought by a buyer of real estate against the seller and his agents to recover actual and punitive damages for an alleged false and fraudulent representation by the agents as to the amount owing on two mortgages covering the property. At the conclusion of plaintiff's testimony, the Court granted a nonsuit as to punitive damages but refused the motion as to actual damages. At the conclusion of all the testimony, the trial Judge directed a verdict in favor of plaintiff against all defendants for $650.00 actual damages and for the further sum of $62.65 against the seller. Only the agents have appealed. They contend that if there is any liability, it is solely that of the seller, a known principal, and that the Court erred in refusing their motions, timely made, for nonsuit and directed verdict as to all damages.

On August 23, 1955, H. A. Baker authorized appellants, real estate agents in West Columbia, to sell a house and lot near the town of Eau Claire owned by him and his wife for $10,800.00. Through the efforts of appellants, respondent John T. Lawlor, on September 8, 1955, entered into a written contract with H. A. Baker to purchase the property for $10,800.00, the price at which it was listed with the agents, by assuming two mortgages and paying the difference of $650.00 in cash. The following day the transaction was closed and deed executed by Baker and his wife to respondent which recited a consideration of $650.00 cash and the assumption of a first mortgage held by the Security Federal Savings & Loan Association and a second mortgage held by one W. F. Graham. The deed set out the dates and original amounts of these two mortgages but did not specify the balances due thereon.

Appellants admitted in their answer that they represented to respondent that a down payment of $650.00 "plus the balances of the first and second mortgages on the premises

made a total of $10,800.00." This was in effect a representation that the total amount due on the two mortgages to be assumed was $10,150.00. The testimony shows that respondent relied on this statement in closing the transaction and did not discover its incorrectness until four or five months later. It then devoloped that at the time of the sale there was due on the first mortgage $6,135.89 and on the second mortgage $4,686.31, making a total of $10,822-.20, or $676.20 more than the amount represented. Some time thereafter this action was commenced.

Baker, the seller, contended that if there was any representation made as to the balance due on the two mortgages, it was done without his knowledge. The testimony shows that he had no part in the negotiations and that the deed was drawn and transaction closed by appellants in their office. As heretofore stated, appellants admit making the representation. They say that they obtained the information as to the balance due on the building and loan mortgage by examining Baker's "pass book", and the amount due on the second mortgage by calling Graham, the mortgagee, and that the information thus obtained was believed by them to be true and was given in good faith.

The defense of appellants is that they were not parties to the contract of sale but were mere agents for a known principal, and that any liability is that of the seller. (The parties seem to have treated Baker as the sole seller although the property was actually owned by him and his wife.) Appellants invoke the general rule that if a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent is not liable for the breach of such contract. *Green v. Industrial Life & Health Insurance Co.*, 199 S. C. 262, 18 S. E. (2d) 873. This principle has no application here. The complaint clearly discloses that this action is not on the contract of sale but one in tort for the recovery of damages for an alleged false and fradulent representation. An agent's liability for his own

tortious acts is unaffected by the fact that he acted in his representative capacity. *Little v. Robert G. Lassiter & Co.,* 156 S. C. 286, 153 S. E. 128. All the authorities agree "that an agent is liable to a third person for damages resulting from the violation of a duty which such agent owes to the third person, and that it matters not whether that violation be one of malfeasance, misfeasance, or nonfeasance." 2 Am. Jur., page 256. The following language of the Court in *Coe v. Ware,* 271 Mass. 570, 171 N. E. 732, 733, is apposite:

"The defendant contends that he was acting, and was known to be acting, merely as an agent in making the sale, and, therefore, cannot be held personally liable for false statements even if actionable, that if there is any liability it is solely the liability of his principal. This contention is unsound. If an agent's conduct complained of involves only a duty arising from the contract between him and his principal and, therefore, due solely to the principal, then no liability on his part to third parties exists. * * * But if that conduct also involves a duty to third persons—a duty imposed by law arising out of the circumstances—then such third person has a right of action against the agent, if he fails in performing this duty, and the contractual relation to the principal does not interpose a defence. *.* * The law imposes, not only upon the principal but also upon an agent concerned in a sale, a duty not to make false statements of fact as inducements to the sale. * * * If this duty was violated by the defendant he is lable."

There was no error in refusing appellants' motions for nonsuit and directed verdict. This is not a case where an agent made a false statement based on information given by his principal. There is no evidence that Baker, the seller, authorized the representation complained of. It may be true, as counsel argue, that appellants owed no duty to furnish any information as to the amounts owing on the two mortgages but when they undertook to do so, they owed a duty not to mislead respondent. They may not

have known that the representation was false but as to liability for actual damages, the effect is the same where, as here, they professed to have knowledge of the facts stated.

Appellants call attention to the following notation on the form of contract used: "This Company Recommends That Your Attorney Examine This Title." They also say that they suggested to respondent that he have the title examined. But negligence on the part of respondent is not made a ground of appeal by the exceptions. Moreover, mere examination of the title would not have disclosed the balances due on the two mortgages assumed.

It may not be amiss to state that the loss sustained by respondent on account of the false representation was $672.20 and not $650.00 as held by the trial Judge but respondent has made no complaint of this small difference. The additional amount of $62.65 awarded against the seller represents an adjustment of taxes. The seller has not appealed and we are not concerned with this allowance.

The final exception is to the effect that in settling the case for appeal the Court erred in requiring appellants to print the testimony. Clearly this was necessary for this Court to properly pass upon the questions raised.

All exceptions are overruled and judgment affirmed.

STUKES, C. J., and TAYLOR, LEGGE and Moss, JJ., concur.