## 17880

SKINNER & RUDDOCK, INC., Respondent, v. LONDON GUARANTEE AND ACCIDENT COMPANY, Limited, and the Estate of Lawrence M. Pinckney, Citizens & Southern National Bank, as Executor of the Estate of Lawrence M. Pinckney, and C. Fletcher Carter, Jr., d/b/a Pinckney-Carter Company, a Partnership, of which Citizens & Southern National Bank as Executor of the Estate of Lawrence M. Pinckney, and C. Fletcher Carter, Jr., d/b/a Pinckney-Carter Company, a Partnership, is Appellant.

(124 S. E. (2d) 178)

*Messrs. Bailey & Buckley,* of Charleston, *for Appellants,*

*John C. Conway, Esq.,* of Charleston, *for Respondent,*

March 1, 1962.

LEWIS, Justice.

This is an appeal from an order of the lower Court overruling a demurrer to the complaint, interposed by the appellant, Pinckney-Carter Company, a partnership, upon the ground that the complaint failed to state a cause of action against it. This action was instituted by the plaintiff, Skinner & Ruddock, Inc., against the London Guarantee and Accident Company, Limited, and the appellant, Pinckney-Carter Company, for the recovery of loss sustained by the plaintiff under a policy of insurance allegedly issued by the defendant insurance company through its agent, the appellant. Only the appellant interposed a demurrer to the complaint and the sole question involved in the appeal is whether or not the complaint states a cause of action against it.

The complaint alleges that the defendant insurance company, through the appellant as its agent, issued a policy of insurance in September, 1954 to indemnify plaintiff in its contracting business against any losses which might be incurred by it in the course of certain construction then under contract, and on February 8, 1955, through the appellant as its agent, issued a rider or endorsement to said policy extending the coverage thereunder to include any loss

incurred by the plaintiff in the wrecking or demolition of certain buildings, known as the Marks property, at the corner of King and Calhoun Streets, in Charleston, South Carolina. It is alleged that, while the plaintiff was engaged in demolishing the buildings at the corner of King and Calhoun Streets, this work being covered under the foregoing policy endorsement, the wall of an adjacent building fell, causing damage to the adjoining property. The complaint then alleges in paragraphs seven and eight as follows:

"7. That the Plaintiff herein promptly reported the incident of the fallen wall to Pinckney-Carter Company, agent for the insurance company, who, as Plaintiff is informed and believes, reported directly to said insurance company; that thereafter Crawford and Company, Insurance Adjustors, investigated the loss and requested the Plaintiff to prepare an estimate of cost for restoring the damaged wall. Pinckney-Carter Company and Crawford and Company then instructed the Plaintiff to proceed with the necessary restoration which this Plaintiff did at a cost of Seven Thousand Five Hundred Twenty-four and 60/100 ($7,524.60) Dollars all of which had previously been covered by insurance to Plaintiff by the Defendant, London Guarantee & Accident Company, Limited, through its agents the Defendants, Pinckney-Carter Company.

"8. That thereafter on March 13, 1956 the Defendant, London Guarantee & Accident Company, Limited, by letter advised this Plaintiff that they were denying coverage on the grounds that the agent, the Defendant herein Pinckney-Carter Company had not been authorized to issue the rider of February 8, 1955 above referred to."

Further allegations of the complaint set forth that the defendants owe to the plaintiff the sum of $7,524.60, the cost of the repair of the adjacent wall which was damaged, and that after repeated demands the defendants have refused to pay the same. Judgment is sought against the defendants in the foregoing amount, plus interest.

It is apparent that the plaintiff has brought its action against the defendant insurance company upon the policy of insurance allegedly issued through its agent, the appellant, and against the appellant (agent) based upon its alleged unauthorized acts in issuing the endorsement in question to the policy and adjusting the loss of the plaintiff thereunder. Questions, as to whether or not an action against the insurance company upon the contract of insurance allegedly issued through its authorized agent and an action against the agent based upon its alleged unauthorized acts in the adjustment of the loss of the plaintiff thereunder are properly joined in the same action, are not before us for decision. Neither are we concerned here with whether the complaint states a cause of action against the appellant's co-defendant, the insurance company. Appellant's demurrer does not raise the question of the sufficiency of the allegations to state a cause of action against its co-defendant. *First Trust & Savings Bank v. Pruitt et al.,* 121 S. C. 484, 113 S. E. 469.

It is well settled that, in considering a demurrer to a complaint, the factual allegations thereof "are to be considered as true and, together with relevant inferences reasonably deducible therefrom, are to be liberally construed in the plaintiff's favor". *Franks v. Anthony et al.,* 231 S. C. 191, 97 S. E. (2d) 891.

While the language of the complaint is not as clear as it might be, we think, considering all of the allegations thereof and all relevant inferences reasonably deducible therefrom, that the complaint states a cause of action against the appellant based upon its alleged unauthorized adjustment of the claim of the plaintiff under the policy endorsement. As. it relates to appellant, the complaint, liberally construed, alleges that the endorsement to the policy of insurance was issued through appellant and plaintiff's loss was reported to it; that the appellant adjusted the loss of plaintiff under the policy endorsement; that it was without authority to do

so; and that plaintiff expended the sum of $7,524.60 in reliance upon the settlement had with appellant.

If the appellant was acting within its authority as agent of the defendant insurance company, in adjusting the loss under the policy endorsement in question, it is well settled that there would be no liability under the contract on the part of the appellant. For, "where an agent enters into a contract for a known principal, while acting within his authority as such agent, he is not personally liable on the resultant contract. The liability, if any, for a breach of such contract is that of the principal alone". *Green v. Industrial Life & Health Ins. Co.,* 199 S. C. 262, 18 S. E. (2d) 873.

However, where an agent makes a contract in the name of his principal without authority and the principal is not liable, the agent may be held liable on such contract. *Coral Gables, Inc., v. Palmetto Brick Co. et al.,* 183 S. C. 478, 191 S. E. 337; *Medlin v. Ebenezer Methodist Church et al.,* 132 S. C. 498, 129 S. E. 830. Therefore, if the appellant adjusted the loss of the plaintiff under the policy endorsement in question without authority to do so, it may be held liable on the contract.

Of course, recovery could not be had against both the principal (the defendant insurance company) and the agent (appellant). If the defendant insurance company is liable for the acts of the appellant, the appellant would not be liable. *Goodale v. Page et al.,* 92 S. C. 413, 75 S. E. 700.

The lower Court properly overruled the demurrer to the complaint.

Affirmed.

BUSSEY, J., did not participate.

TAYLOR, C. J., and Moss and LEGGE, JJ., concur.