1539

Codell Blease THOMAS and Elizabeth F. Thomas, Appellants v. DELTA ENTERPRISES, INC.; K. Nolan Johnson, individually and as Agent/Employee/Servant and Owner of Delta Enterprises, Inc.; Johnny Moore, individually and as agent for Delta Enterprises, Inc.; Lois B. Hatchell, individually and as agent for Delta Enterprises, Inc.; and M.P. Nodine, individually and as agent for Delta Enterprises, Inc., Defendants, of whom Johnny Moore and Lois B. Hatchell are Respondents.

(396 S.E. (2d) 122)

Court of Appeals

*Mozella Nicholson,* Florence, *for appellants.*

*Michael Ballenger,* Florence, Atlanta, Ga., *for respondents.*

*Johnny Moore,* Atlanta, Ga., *pro se.*

Submitted April 11, 1990.

Decided Aug. 27, 1990.

*Per Curiam:*

This is an action in fraud and negligence. The Thomases purchased a mobile home from Delta Enterprises. Johnny Moore conducted the sales negotiations and arranged the preparation of all pertinent documents. Lois Hatchell, a Delta secretary, notarized some of the documents. The Thomases later sued Moore for fraud and negligence and Hatchell for negligence. Both Moore and Hatchell moved for dismissal. The trial court dismissed them from the case, and the Thomases appeal. We reverse and remand.

Against Moore, the Thomases allege fraud in telling them they could not rescind their contract to buy a mobile home and in misrepresenting the interest rate, payments and payment schedule. Further, they allege he forged their names on a mortgage document and on a rescission waiver form. The Thomases also allege Moore was negligent in all aspects of handling the transaction.

Hatchell, according to the complaint, was negligent in administering an oath and attesting signatures. This asserted negligence allegedly caused a forged mortgage to appear as an encumbrance on their real estate.

In dismissing the defendants, the trial judge relied on the doctrine that an agent is not liable for contracts made on behalf of a disclosed principal. *See Goodale v. Page,* 92 S.C. 413, 75 S.E. 700 (1912).

This concept does not apply, however, when the agent must answer, not in contract, but in tort. "An agent's liability for his own tortious acts is unaffected by the fact that he acted in his representative capacity." *Lawlor v. Scheper,* 232 S.C. 94, 101 S.E. (2d) 269, 271(1957). Also *Gilbert v. Mid-South Machinery Co., Inc.,* 267 S.C. 211, 227 S.E. (2d) 189 (1976).

In *Lawlor,* the Supreme Court rejected the very argument upon which the defendants rely here:

Appellants invoke the general rule that if a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent is not liable for the breach of such contract. This principle has no application here. The complaint clearly discloses that this action is not on the contract of sale but one in tort for the recovery of damages for an alleged false and fraudulent representation.

101 S.E. (2d) at 271 (citation omitted).

It is *Lawlor* rather than *Goodale* that applies here. Therefore, we reverse the order dismissing these defendants.

Reversed and remanded.