THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Patricia P. Featherston, Appellant,
v.
John Staarman and Bredman Group,
Inc.,Defendants,/of whom John Staarman is Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2007-UP-087
Submitted January 1, 2007  Filed February 15, 2007

AFFIRMED

 
 
 
H. Michael Spivey, of Mauldin, for Appellant.
Cynthia Buck Brown, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Patricia P. Featherston appeals the order of the trial court granting John Staarmans motion to dismiss, finding Staarman was an agent of Bredman Group, Inc.[1] and not personally liable to her.  We affirm.[2] 
FACTS
Staarmans father-in-law owned Bredman Group, of which Staarman was the president in 1999.  On June 7, 1999, Featherston entered into a contract with Bredman Group for the construction of her home.  Staarman met with Featherston about the construction and signed the contract as president of Bredman Group.  Staarman handled all contacts with Featherston; he also designed the garage and was in charge of building the house.
On December 29, 1999, before completion of Featherstons house, Bredman Group filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Act and closed its business.  Featherston then contracted with a new company to complete her house.  Featherston subsequently complained that the house had structural defects and was in danger of collapse resulting from settlement and cracking.  
On January 5, 2005, Featherston filed a complaint against Staarman and Bredman Group, alleging breach of contract and breach of warranty.  Staarman moved, pursuant to Rule 12(b)(6), SCRCP, to dismiss Featherstons complaint for failure to state a claim.  Featherston then filed an amended complaint which included the same allegations as the original complaint.  Following Staarmans amended motion to dismiss, the trial court issued a form order granting Staarmans motion to dismiss.  Featherston moved to reconsider the order, arguing Staarman was a necessary defendant in the action.  The trial court denied Featherstons motion to reconsider.  This appeal followed.
STANDARD OF REVIEW
A Rule 12(b)(6) motion to dismiss for failure to state a cause of action must be resolved by the trial court based solely on the allegations established in the complaint.  Berry v. McLeod, 328 S.C. 435, 441, 492 S.E.2d 794, 797 (Ct. App. 1997).   However, if on a motion under 12(b)(6) matters outside the pleadings are presented and not excluded, the motion shall be treated as one for summary judgment.  McDonnell v. Consol. Dist. of Aiken, 315 S.C. 487, 489 n.2, 445 S.E.2d 638, 639 n.2 (1994); see Berry, 328 S.C. at 441, 492 S.E.2d at 798 (finding where the trial court decided a Rule 12(b)(6) motion based on matters outside the pleadings, the trial court converted the motion to dismiss into a summary judgment motion pursuant to Rule 56, SCRCP).
Here, in deciding Staarmans motion to dismiss, the trial court considered matters outside the pleadings.  As stated in the trial courts order: after hearing arguments and considering all documents submitted, including the Complaint and Counsels briefs, the Court finds that Plaintiff has failed to state a claim against Defendant John Staarman and he should be dismissed from this case.  Because the trial court considered matters outside the pleadings, pursuant to McDonnell and Berry, the trial court necessarily converted the motion to dismiss into a summary judgment motion. 
When granting summary judgment pursuant to Rule 56, SCRCP, an appellate court applies the same standard of review utilized by the trial court.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  A trial courts decision to grant a motion for summary judgment is appropriate only when there is no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law.  Id.  All ambiguities, conclusions, and inferences arising from the evidence must be construed against the movant.  Gilbert v. Miller, 356 S.C. 25, 28, 586 S.E.2d 861, 863 (Ct. App. 2003).
LAW/ANALYSIS
Featherston contends the trial court erred in granting Staarmans motion to dismiss.  Featherston specifically contends that because Staarman was the person in charge of construction of her house, and she had all discussions with him regarding the construction, Staarman was responsible for the defective construction and should not have been dismissed from this case.  We disagree.
This court has recognized the general principle that an agent is not liable to be sued upon contracts made by him on behalf of his principal if the name of his principal is disclosed and made known to the person contracted with at the time of entering into the contract.  Thomas v. Delta Enterprises, Inc., 302 S.C. 351, 352, 396 S.E.2d 122, 123 (Ct. App. 1990).  The liability, if any, is that of the principal alone.  Skinner & Ruddock, Inc. v. London Guarantee & Acc. Co., 239 S.C. 614, 619, 124 S.E.2d 178, 180 (1962).  An agent contracting with the authority of his principal binds him to the same extent as if the principal personally made the contract.  S.C. Ins. Co. v. James C. Greene and Co., 290 S.C. 171, 183, 348 S.E.2d 617, 624 (Ct. App. 1986).  Thus, the principal is liable vice the agent by reason of his consent to be bound.  Id.  The agent becomes personally liable only when the principal is not known, where there is no responsible principal, or where the agent becomes liable by acting outside of his authority.  Skinner, 239 S.C. at 619, 124 S.E.2d at 180.
In this case, the evidence supports the trial courts finding that Staarman was an agent of Bredman Group at the time it contracted with Featherston for the construction of her house.  There is no dispute that the contract states the agreement was made between The Bredman Group, Inc., the contractor, and Patricia P. Featherston, the buyer.  Although Featherston met with Staarman to enter into the contract, and Staarman was the president of Bredman Group at the time he signed the contract for the corporation, Staarman, as an agent, is not personally liable for the act of his principal.  Lawlor v. Scheper, 232 S.C. 94, 98, 101 S.E. 2d 269, 271 (1957).
Moreover, even assuming Featherston is correct that Staarman was the only person to supervise construction of her house, and he was on the construction site each day and had all discussions with her, Staarman acted under his authority, whether implied or apparent, as an agent of Bredman Group.  Because Staarman disclosed his principal to Featherston in the contract, Staarman demonstrated his intentions to bind his principal to the contract.  Moreover, the record reflects that payments were made by Featherston to the corporation.  Further, Featherston filed a claim in The Bredman Groups bankruptcy proceeding stating the corporation owed her $31,971.75.  Under Thomas and Lawlor, such disclosure precluded Staarman from liability.  Therefore, the trial court properly granted summary judgment in favor of Staarman. 
CONCLUSION
Based on the foregoing, we find the trial court did not err in granting  summary judgment in favor of Staarman.  Accordingly, the decision of the trial court is
 AFFIRMED.
HUFF, BEATTY, JJ., and CURETON, A.J., concur.

[1] Bredman Group, Inc. is not a party to this appeal. 
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.