THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Perjen, Inc.
 d/b/a Melons Restaurant and Bar, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Onyx Company,
 LLC, and Terry Walden, Appellants.
 
 
 
 
 
 

Appeal From Horry County
Larry B. Hyman, Circuit Court Judge

Unpublished Opinion No. 2011-UP-014
 Submitted December 1, 2010  Filed January
25, 2011    

AFFIRMED

 
 
 
 Clifford L. Welsh, of North Myrtle Beach,
 for Appellants.
 Nate Fata, of Surfside Beach, for Respondent.
 
 
 

PER CURIAM:  Terry
 Walden appeals a jury verdict against him for fraud in the sale of Melons
 Restaurant and Bar.  He argues the trial court erred in (1) denying his motions
 for a directed verdict and a JNOV and (2) including legislative commentary to
 section 33-44-303 of the South Carolina Code (2006) in the jury instructions on
 LLC-member liability.  We affirm.[1]
1.  Walden contends the
 trial court erred in denying his motions for a directed verdict and a JNOV.  Walden
 does not argue he did not commit fraud.  Rather, Walden maintains (1) an agent
 of a limited liability company (LLC) is not personally liable for torts the
 agent commits for the company and (2) Walden's tortious actions were taken as a
 memberagent of Onyx rather than as an individual.  We disagree.  
Within the Limited Liability
 Company Act (the Act), section 33-44-303(a) of the South Carolina Code
 (2006) provides, "A member . . . is not personally liable for a
 . . . liability of [an LLC] solely by reason of
 . . . acting as a member . . . ."  S.C. Code Ann.
 § 33-44-303(a) (2006) (emphasis added).  The commentary of that section
 clarifies, "A member . . . is responsible for acts
 . . . to the extent those acts . . . would be actionable in
 . . . tort against the member . . . if that person were
 acting in an individual capacity."  S.C. Code Ann. § 33-44-303 cmt. (2006).
  Furthermore, the Act provides, "[T]he
 principles of law and equity supplement" the Act unless displaced by the
 Act, and  "[s]upplementary principles include, but are not limited to, the
 law of agency . . . ."  S.C. Code Ann. §§ 33-44-104(a)
 & cmt. (2006).  
Echoing the legislative
 commentary of sections 303 and 104, South Carolina courts have consistently
 held, "'An agent's liability for his own tortious acts is unaffected by the fact that he acted in his
 representative capacity.'"  Gilbert v. Mid-South Mach. Co., 267
 S.C. 211, 221-22, 227 S.E.2d 189, 193 (1976) (quoting Lawlor v. Scheper,
 232 S.C. 94, 98-99, 101 S.E.2d 269, 271 (1957)).  Thus,
 an LLC's liability shield does not protect a member who commits a tort while
 acting for the LLC from liability; the LLC member is personally liable as a
 tortfeasor for torts the member actually commits.  Accordingly, the
 trial court properly denied Walden's motions for a directed verdict and a JNOV.
2. Walden contends the trial court committed reversible error
 in charging and providing the jury with the legislative commentary to section
 33-44-303.  We disagree.  
"An
 appellate court will not reverse [a trial] court's decision regarding jury
 instructions unless the trial court abused its discretion," which "occurs
 when the trial court's ruling is based on an error of law
 . . . ."  Clark v. Cantrell, 339 S.C. 369, 389, 529
 S.E.2d 528, 539 (2000) (citations omitted).  Generally, a trial court has
 discretion to provide written jury instructions, but the "practice should
 be used sparingly, and only where it will aid the jury and where it will not
 prejudice the defendant."  State
 v. Covert, 382
 S.C. 205, 210, 675 S.E.2d 740, 743 (2009).  A "trial court is required to
 charge only the current and correct law of
 South Carolina."  Proctor v. Dep't of Health & Envtl. Control,
 368 S.C. 279, 310, 628 S.E.2d 496, 513 (Ct. App. 2006) (internal quotations
 omitted).  However, an erroneous portion of a jury instruction is harmless
 "[i]f, as a whole, the charges are reasonably free from error."  Johnson v. Horry Cnty. Solid Waste Auth., 389 S.C. 528, 538, 698 S.E.2d
 835, 839-40 (Ct. App. 2010).  
Here, Walden did not object
 to the trial court's furnishing of a copy of the commentary to the jury.  See State v. Turner, 373 S.C. 121, 126 n.1, 644 S.E.2d 693, 696 n.1 (2007) (noting issues
 not raised and ruled upon in the trial court will not be considered on appeal). 
 Moreover, even if the inclusion of the commentary in the instructions provided
 to the jury was error, that error was harmless.  The instructions as a whole
 reflected the law relating to LLC-member liability.  See S.C. Code Ann. § 33-44-104 cmt.
 (2006); Gilbert v. Mid-South Mach.
 Co., 267 S.C. 211, 221-22, 227 S.E.2d 189, 193 (1976) (citation omitted).  
AFFIRMED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.